FILED
NOV 09 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RACHEL M. STOKES,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

    Defendant.

CV. 08-1209-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Rachel Stokes challenges the Commissioner's decision denying her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. Stokes asks the court to reverse the Commissioner's decision and remand for an award of benefits. The Commissioner concedes that its decision was in error but seeks remand for further proceedings. The court has jurisdiction under 42 U.S.C. § 405(g). The court should remand for payment of benefits, for the reasons set forth below.

FINDINGS AND RECOMMENDATION – PAGE 1

## BACKGROUND

Stokes filed her application for disability benefits in August 2005, alleging August 2003 as her onset date. (Tr. 70.) After the Commissioner denied her application initially and upon reconsideration, Stokes requested a hearing before an administrative law judge (ALJ). *Id.* at 37. The ALJ held a hearing in November 2007 and took testimony from Stokes, who was represented by an attorney, and from a vocational expert. *Id.* at 13. In April 2008, the ALJ issued a decision finding Stokes not disabled because she could perform the requirements of representative occupations such as photocopier, laundry worker or assembler. *Id.* at 21.

The ALJ applied the five-step sequential disability determination process set forth in 20 C.F.R. §§ 404.1520 and 416.920. *Id.* at 14-22. At step one, the ALJ found that Stokes had not engaged in substantial gainful activity during the period from her alleged onset date of August 15, 2003 through the date of the hearing. *Id.* at 15. At step two, the ALJ found that Stokes had the following severe combination of impairments: asthma, an Affective Disorder, an Anxiety Disorder and marijuana abuse. *Id.* At step three, the ALJ found that Stokes' impairments, or a combination of those impairments, did not meet or medically equal a listed impairment. *Id.* at 16. The ALJ found that Stokes had the residual functional capacity to perform a full range of work at all exertional levels but had several nonexertional limitations. *Id.* at 17. Specifically, the AJL found that Stokes required limited exposure to dust, fumes and smoke, no contact with the public, occasional interaction with co-workers and could only perform simple, repetitive tasks. *Id.* At step four, the ALJ found that Stokes was not able to perform her past relevant work. *Id.* at 20. The ALJ concluded at step five, however, that Stokes could perform jobs that exist in significant numbers, and accordingly concluded that she was not disabled. *Id.* at 21.

FINDINGS AND RECOMMENDATION – PAGE 2

The Appeals Council denied review of the ALJ's decision. *Id.* at 5. This action made the ALJ's decision the Commissioner's final decision. Stokes filed this appeal. The Commissioner now concedes that the ALJ failed to adequately consider the opinions of Stokes' treating physicians, Mindi Robinson, M.D., and Thato Nteso, M.D. and the evaluating physician, Joseph Balsamo, Psy.D. (Def.'s Mem. Supp. Remand, #29, at 7.) The Commissioner also admits that the ALJ did not state a germane reason to discount the lay witness testimony offered by Stokes' mother. *Id.*

## STANDARD OF REVIEW

When the ALJ's decision is not supported by substantial evidence, the Court has the authority to affirm, modify, or reverse the decision "with or without remanding the cause for rehearing." "The general rule is that when an administrative agency has abused its discretion or exceeded its statutory authority, a court should remand the matter to the agency for further consideration." *Moisa v. Barnhart*, 367 F.3d 882, 886-887 (9th Cir. 2004) (citation omitted). A remand for an award of benefits is appropriate, however, if: (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) no outstanding issues remain for the ALJ to resolve; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation omitted). Where it is not clear whether the ALJ would be required to award benefits were the improperly rejected evidence credited, the court has discretion whether to credit the evidence. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003); *see also Vasquez v. Astrue*, 572 F.3d 586, 600 (9th Cir. 2009) (Hawkins, J. concurring).

## DISCUSSION

The parties agree that the ALJ erred in his assessment of three physician opinions and the lay witness testimony and disagree over whether the court should remand for further proceedings or for an award of benefits. The Commissioner contends that further proceedings are needed to determine the impact the evidence will have on the ALJ's residual functional capacity determination. Stokes argues that the physician opinions and lay witness testimony all indicate that her mental health issues impair her ability to sustain full-time employment and that remand for an award of benefits is therefore appropriate.

### I. No Outstanding Issues Remain

Although the Commissioner argues that the ALJ did not specifically identify which portions of physicians' opinions he rejected or accepted, the ALJ's residual functional capacity determination demonstrates otherwise. Doctor Robinson opined that Stokes had poor stress tolerance and "difficulty leaving home" and that, as a result, she would likely miss more than two days per month from employment that required her to leave home. (Tr. at 388.) The ALJ accurately noted Robinson's opinion but his residual functional capacity assessment did not include any limitation regarding unplanned absences from work. *Id.* at 17,19. Thus, the ALJ rejected Dr. Robinson's opinion regarding absences.

Moreover, although the ALJ stated that he assigned "some weight" to the lay witness testimony, he did not include the limitations identified in that testimony in his residual functional capacity assessment. Id. at 17, 20. Stokes' mother offered evidence that Stokes was afraid to go outside, that she was afraid of people and the dark. *Id.* at 115, 118. The residual functional capacity assessment, however, merely found that Stokes required limited contact with other

people without addressing her fear of leaving the house. *Id.* at 17.

In addition, while the ALJ's assessment of Dr. Nteso's and Dr. Balsamo's opinions is less clear, those opinions also support a finding that Stokes' mental health problems affected her ability to sustain full-time employment. The ALJ accurately noted Dr. Nteso's May 2005 opinion that Stokes' depression prevented her from being able to work and that, with proper counseling and medication, she could be functional in four to six months. *Id.* at 18, 389. Although the ALJ did not indicate whether Dr. Nteso's findings supported or detracted from Stokes' disability claim, he does recognize that Stokes did not receive consistent treatment. *Id.* at 18-20. With regard to Dr. Balsamo, the ALJ merely indicated that he gave "some weight" to Balsamo's opinion that Stokes' anxiety and depression "appear to be sufficiently severe as to contribute to a markedly dysfunctional lifestyle." *Id.* at 20, 316.

In summary, the Commissioner seeks a remand to afford the ALJ the opportunity to do what he should have done in the first instance, consider all the relevant medical and non-medical evidence and give appropriate reasons for either crediting in whole or in part, or disregarding, that evidence. I conclude that the record is fully developed and demonstrates that the ALJ rejected the evidence at issue. In light of the consistency of that evidence, further review and explanation by the ALJ would serve no useful purpose.

## II.   The Record Demonstrates the ALJ Would be Required to Find Stokes Disabled

The vocational expert testimony demonstrates that the ALJ would be required to find Stokes disabled had he properly credited the physician opinions and lay witness testimony, particularly Dr. Robinson's opinion that Stokes would miss work at least two days per month. At the hearing the vocational expert testified that a person with Stokes' limitations who missed two

days a month without a medical excuse and on a random basis would not be able to sustain competitive employment. *Id.* at 417. Thus, further proceedings are unnecessary. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007) (remanding for an award of benefits where testimony by the claimant and a vocational expert, properly credited, established disability); Moisa, 367 F.3d at 887 (same).

## CONCLUSION

For the reasons set forth above, the court should remand this matter for the immediate payment of benefits and judgment should be entered accordingly.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 24, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 9th day of November, 2009.

*/s/ Paul Papak*
Honorable Paul Papak
United States Magistrate Judge