IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RACHEL M. STOKES,

       Plaintiff,

                                        Civil No. 08-1209-PK

                                        ORDER

       v.

MICHAEL J. ASTRUE,
COMMISSIONER of Social Security,

       Defendant.

_____

HAGGERTY, District Judge:

       Plaintiff Rachel Stokes filed this action against defendant Commissioner of the Social

Security Administration on October 16, 2009.  Plaintiff challenged the Commissioner's decision

denying her application for disability insurance benefits under Title II and Supplemental Security

Income under Title XVI of the Social Security Act.  On December 2, 2009, this court adopted

Magistrate Judge Papak's recommendation reversing the Commissioner's decision and

remanding the action to the Social Security Administration for the calculation and award of

Page 1 - ORDER

benefits.

Plaintiff subsequently moved for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), and on January 5, 2010, Judge Mosman entered an award of attorney fees in plaintiff's favor in the amount of $5,583.58.

Plaintiff, through her counsel, now moves for approval of payment to her attorney out of her retroactive benefits award. Plaintiff's counsel seeks $9,163.42 in fees, calculated by subtracting $5,583.58 (the amount of the fee awards counsel has already received) from the amount of $14,747, which reflects twenty-two percent of plaintiff's retroactive award of $67,032.

## ANALYSIS

Upon a entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Such fee awards are paid from a claimant's retroactive benefits award. *Id.* An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee. *Id.* Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). The court must assess the reasonableness of the fee before it approves the fee. *See* 42 U.S.C. § 406(b)(1)(A).

A court determining a reasonable fee award under § 406(b) is compelled to honor the "primacy of attorney-client fee agreements." *Gisbrecht*, 535 U.S. at 793. However, contingent fee agreements in excess of twenty-five percent of the claimant's retroactive benefits, or

Page 2 - ORDER

agreements that fail to "yield reasonable results in particular cases," can be rejected.  *Id.* at 807.

The court must ensure that the contingent fee agreement is reasonable, and the burden of

establishing the reasonableness of the calculated fee is borne by the claimant's counsel.  *Id.*

The court may reduce a contingent fee "based on the character of the representation and

the results the representative achieved."  *Id*. at 808.  In particular, a contingent fee award may be

reduced if the attorney provided substandard representation, engaged in dilatory conduct that

increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the

amount of time attorney spent on the case.  *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b)

reasonableness analysis under *Gisbrecht*.  *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.

2009).  The *Crawford* majority emphasized that the Supreme Court has provided a "clear

directive" that a district court should begin its analysis with the attorney-client fee agreement and

then apply any appropriate reductions to the calculated contingency fees to arrive at a reasonable

fee:

> the Supreme Court's clear directive [is] that the district court must first look to the
> fee agreement and then adjust downward if the attorney provided substandard
> representation or delayed the case, or if the requested fee would result in a
> windfall.

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

In this case, the Social Security Administration rejected plaintiff's initial application for

benefits and awarded retroactive benefits only after litigation.  As the claimants did in *Crawford*

and *Gisbrecht*, plaintiff signed a twenty-five percent contingency fee agreement with counsel.

This court's task is to evaluate whether an award of $14,747 (twenty-two percent of the

retroactive benefits award) is reasonable in this case.  Summarizing the reasoning found in

*Crawford*, reasonableness is determined by first looking to the fee agreement, and then adjusting downward as appropriate after evaluating counsel's performance, considering the delays occurring in the litigation, and determining whether the fee award is in proportion to the representation required for the case. *Crawford*, 586 F.3d at 1151-53 (citations omitted).

### A.    Fee Agreement

Counsel voluntarily reduced the twenty-five percent contingency fee contract existing between client and counsel to twenty-two percent to arrive at the amount of $14,747 (twenty-two percent of plaintiff's retroactive award of $67,032). From that amount counsel subtracted $5,583.58, the EAJA-based fees counsel has already received, resulting in a fee request in the amount of $9,163.42. As this agreement does not result in an award that exceeds twenty-five percent of the benefits awarded to the claimant, it must next be examined to determined whether it yields "reasonable results" in this particular case. *Gisbecht*, 535 U.S. at 807.

### B.    Counsel's Performance

Substandard performance by a legal representative may warrant a reduction in a § 406(b) fee award. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. The record in this case provides no basis for a reduction in the § 406(b) fee due to the character of counsel's representation. However, an absence of evidence suggesting fraud or overreaching in securing a twenty-five percent fee agreement, or suggesting poor advocacy or representation after the agreement was made, does not by itself compel a finding of reasonableness.

### C.    Delays

A court may reduce a § 406(b) award for delays in proceedings attributable to the claimant's counsel. *See Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1151. In this case,

counsel sought three extensions before filing an Opening Brief on behalf of his client: on April 8, 2009 for thirty days, on April 28, 2009 for fourteen days, and on May 26, 2009 for two days.

After receiving plaintiff's briefing, the Commissioner requested that the court remand this action for further proceedings. Counsel for plaintiff moved for a further extension upon receipt of the Commissioner's request to remand on September 1, 2009 for fourteen days. Counsel asserts that these delays are adequately reflected in his voluntary reduction in his fee request from twenty-five percent to twenty-two percent of plaintiff's benefits award. Although the delays experienced were not abusive, this court concludes that the delays should be reflected to a greater degree in the determination of the proportionality of the final fee award.

### D.    Proportion

A district court may reduce a § 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained that "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

Plaintiff's attorney claims 32.5 hours litigating an application for Social Security benefits that – after receipt of plaintiff's Opening Brief – was largely uncontested by the Commissioner. Counsel's fee request of $14,747, if awarded, would result in the equivalent of an hourly rate of $453.75 for successfully persuading this court that an uncontested remand should be for an immediate award of benefits rather than for further proceedings. Counsel's Reply brief, from which the Magistrate Judge determined whether to remand for further proceedings or for an award of benefits, was under three full pages.

In that brief, counsel's analysis (as distinguished from recitations of legal standards and

Page 5 - ORDER

quotations from the administrative record) is presented in approximately twelve sentences,

summed up as follows:

> Multiple doctors agree that Plaintiff's condition is severe enough to affect her ability to sustain full time employment. The entire medial [sic] record supports these opinions. Lay witness testimony is consistent with these opinions. The Commissioner does not even argue that the ALJ properly rejected the Plaintiff's complaints. The Commissioner does not argue that the Plaintiff's impairments did not meet the listing of impairments. There is no reason to give the Commissioner another bite at the apple. The Court should direct immediate payment of benefits.

Reply brief at 3.

The court is cognizant of the fact that counsel was successful in representing his client,

and that it was his Opening Brief that compelled the Commissioner to seek remand. However,

the relative simplicity of this litigation, coupled with the significant recovery of back benefits

($67,032), compels this court to use a smaller percentage than twenty-two percent of the benefits

in calculating a fee award to avoid a disproportionate windfall to counsel and to prevent a

disabled client from incurring a disproportionate loss of benefits for legal representation. This

result is consistent with the court's statutory duty to assess the reasonableness of this kind of

contingent fee, and with the guidance provided by the Supreme Court and the Ninth Circuit..

The guidance provided by case authorities is less clear as to how much weight to give to

the risk the attorney undertook by representing the client without a guarantee of compensation

for his services when the litigation concluded. Arguably, that risk is already reflected in the

statutory authority that attorneys have been given to seek fee agreements of up to twenty-five

percent of client's benefits, particularly when considering that such clients are likely destitute

and believe themselves to be disabled and incapable of employment. Permitting attorneys to

make contractual fee agreements of up to twenty-five percent with these clients, and giving

judicial deference to the primacy of those agreements, may be said to satisfactorily address the pre-litigation risk of an unfavorable result.  Under the circumstances presented in this case, this court concludes that the concerns outlined above about proportionality are not allayed by the risks undertaken in representing this plaintiff.

### Appropriate Fee

For the reasons stated, counsel's motion for approval of § 406(b) fees is granted in part. A fee award of twenty-two percent of plaintiff's retroactive benefits is deemed to be disproportionate.  Because of delays caused by counsel, coupled with the size of the retroactive benefits recovered in relation to a reasonable estimate of the complexity of the representation and the number of hours necessary to fairly conduct that representation, this court concludes that counsel's fee award should total fifteen percent of the retroactive benefits award.  Accordingly, counsel is entitled to $4,471.22.  This amount equals fifteen percent of the retroactive award of $67,032 ($10,054.80), minus the previously awarded EAJA fee of $5,583.58.

IT IS SO ORDERED.

Dated this  14   day of June, 2010.


    /s/  Ancer Haggerty
    Honorable Ancer Haggerty
    United States District Judge

Page 7 - ORDER